UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGG LA PLANT,

    Plaintiff,

  v.                                       Case No. 12-C-684

HOUSEHOLD LIFE INSURANCE COMPANY,

    Defendant.

**DECISION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is an action for a death benefit under a life insurance policy issued by Defendant Household Life Insurance Company (Household Life) to Brian La Plant. Brian's brother Gregg is the named beneficiary and Plaintiff herein. In his complaint, Plaintiff asserts claims for breach of contract and bad faith against Household Life. Household Life denies liability. It alleges that Brian La Plant made a false representation on the application and seeks rescission. The parties have stipulated to the underlying facts and have filed cross motions for summary judgment. The court has jurisdiction under 28 U.S.C. § 1332. For the reasons that follow, summary judgment will be granted in Household Life's favor and denied as to Plaintiff.

On December 1, 2009, Brian La Plant (La Plant) completed an on-line application for a life insurance policy with Household Life. After completing the on-line form, Household Life issued a 15-year term life insurance policy to La Plant in the face amount of $150,000. La Plant named his brother Gregg La Plant as the beneficiary. The policy included a two-year contestability period and La Plant died on May 2, 2011, within two years after Household Life's issuance of the policy.

Plaintiff notified Household Life on May 3, 2011, of his brother's death and filed a notice of claim as the beneficiary.

The on-line application La Plant completed contained a series of "Yes/No" questions related to his medical history. Had La Plant answered "Yes" to any of those questions, his application for life insurance would have been denied. Relevant to the issues in this case, Question No. 7 asked in part: "Are you currently receiving disability income benefits or have you submitted a claim for disability income benefits within the past five years?" La Plant answered "No," even though he had applied for Social Security Disability Insurance Benefits (SSDI) in February 2007 alleging a disability onset date of December 1, 2006. In fact, after a series of initial denials, an administrative law judge granted La Plant's application on August 31, 2009, only three months before he denied he had submitted a claim for, or was receiving, disability income benefits in his on-line application.

Household Life contends that La Plant's answer to Question No. 7 was false and that La Plant knew or should have known it was false. Because the answer was material and it relied on it in issuing the policy, Household Life argues it is entitled to rescind the policy. Plaintiff, on the other hand, contends that Question No. 7 asked about "disability *income* benefits," not disability *insurance* benefits. Because Household Life did not ask about disability insurance benefits, Plaintiff argues that La Plant's answer was truthful and the policy should be enforced. Plaintiff further contends that the issue is not even fairly debatable and that Household Life acted in bad faith in taking thirteen months to complete its investigation and then denying his claim.

Under the familiar rubric for summary judgment, a motion for summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

2

(1986). "Material" means that the factual dispute must be outcome-determinative under law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue must have specific and sufficient evidence that, were a jury to believe it, would support a verdict in the non-moving party's favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the burden of showing there are no facts to support the non-moving party's claim. *Celotex*, 477 U.S. at 322. In determining whether to grant a motion for summary judgment, the court should consider the evidence presented in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. When the record, taken as a whole, could not lead a rational jury to find for the non-moving party, there is no genuine issue and therefore no reason to go to trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Wisconsin substantive law governs the legal issues in this case. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Section 631.11(1)(b) of the Wisconsin Statutes permits an insurer to rescind coverage and deny the payment of benefits under a life insurance policy where an applicant makes a false representation. In order to prevail on its affirmative defense, Household Life must prove, by clear and convincing evidence, "(1) that (a) a misrepresentation was made *and* (b) the person making it knew, or should have known, that it was false; *and* (2) either (a)(i) the insurer relied on the misrepresentation, and (ii) that misrepresentation was material, or (iii) it was made with intent to deceive; *or* (b) the misrepresented fact contributed to the loss." *Pum v. Wisconsin Physicians Serv. Ins. Corp.*, 2007 WI App 10, ¶¶ 9, 13, 727 N.W.2d 346 (Ct. App. 2006) (emphasis original). "Whether the statement is a misrepresentation . . . is a question of law." *Id.* ¶ 11 (citing WIS JI-CIVIL 3100 cmt.). And whether the person making the statement "should have known" that it was false is an objective test. *See State v. Hydrite Chemical Co.*, 2005 WI App 60,

3

¶ 28 n.19, 695 N.W.2d 816 (defining an objective standard as "what a reasonable insured would know in the circumstances, or what the insured knows or has reason to know"); *see also Estate of Logan by Fink v. Northwestern Nat. Cas. Co.*, 144 Wis.2d 318, 338, 424 N.W.2d 179, 186 (1988) (noting that exception to coverage based on what insured "knew or should have known" creates objective standard). Plaintiff concedes as much. (Pl.'s Br. in Resp. 8, ECF No. 27, ("The issue presented here is whether a reasonable person in the position of La Plant would have known that 'disability insurance benefits' should be considered 'disability income benefits.'"))

There is no dispute between the parties that La Plant's answer to Question No. 7 on the life insurance application was material and that Household Life relied on his negative answer in its decision to issue him the policy. La Plant's answer was a representation that he was not currently receiving disability income benefits, nor had he made a claim for disability income benefits within the past five years. Had he answered "Yes" to the question, his application would have been automatically denied. The key factual issues then concern the first two elements: whether La Plant's answer to Question No. 7 was a misrepresentation and whether he knew or should have known his answer was false.

Household Life argues that there is no question that La Plant's answer was false and that he should have known his answer was false in light of the fact that he applied for and was awarded benefits under SSDI. Questions on an insurance application "are to be understood and answered from a layman's point of view and understanding." *Pum*, 2007 WI 10, ¶ 14 (citing *Fuchs v. Old Line Life Ins. Co.*, 46 Wis. 2d 67, 72, 174 N.W.2d 273 (1970)); *see also Folkman v. Quamme*, 2003 WI 116, ¶ 17, 665 N.W.2d 857. A question such as the one at issue in this case is to be examined in the context in which the term is used and calls for a layman's answer, not a legal opinion. *Pum*,

4

2007 WI App 10, ¶ 14. Furthermore, the terms in the insurance application are to be given their popular meaning. *Id.*

There is no dispute that at the time La Plant completed Household Life's on-line application he knew he had applied for SSDI less than three years earlier and that his application had been granted only three months earlier. Plaintiff argues, however, that Household Life's question is a narrow one asking only about "disability *income* benefits." Plaintiff contends that because La Plant only applied for disability *insurance* benefits under SSDI and not applied for Supplemental Security Income (SSI), which specifically uses the term "income," La Plant's answer to Question No. 7 was accurate. Alternatively, Plaintiff argues that summary judgment should be granted in his favor because the language of Question No. 7 is ambiguous. Plaintiff contends that the question is ambiguous because a layman could reasonably interpret it to only ask whether the insured made a claim for disability *income* benefits and not disability *insurance* benefits.

The use of the term income does not make the question ambiguous. Whether a term is ambiguous is an objective determination. Language used by an insurer is ambiguous "if it is susceptible to more than one reasonable interpretation." *Danbeck v. Am. Family Mut. Ins. Co.*, 2001 WI 91, ¶ 10, 245 Wis.2d 186, 629 N.W.2d 150. The plain meaning of the word "income" is "a gain or recurrent benefit, usually measured in money, that derives from capitol or labor." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY, 588 (10th ed. 1999). Combining the word with "disability" and "benefit" removes the suggestion that it is derived from capitol or labor. Household Life's question simply asks whether the applicant had within the past five years submitted a claim for "disability income benefits" or was currently receiving "disability income benefits." It is undisputed that La Plant had both submitted such a claim and was receiving income as a result of

5

his claim being granted. It thus follows that his representation that he had not applied for and was not receiving such income is false.

La Plant also should have known his answer to the question was false. He applied for the insurance only three months after his application for disability benefits had been granted and was receiving income in the form of disability insurance benefits at the time he answered the question no. The only reason one applies for disability under the Social Security Act is to receive income in place of the income the applicant is no longer able to earn. A reasonable person in La Plant's position should have known that the answer to Question No. 7 was "yes."

The context in which the question was asked is also a significant factor. La Plant was answering questions about his medical condition in an application for life insurance. Question No. 7, in its entirety, reads:

> Are you currently a patient in a hospital (other than for childbirth), or a resident in a nursing home, assisted living facility or other long-term care facility? Or are you currently receiving in-home care by a healthcare professional? Or are you currently receiving disability income benefits or have you submitted a claim for disability income benefits within the past 5 years? Or have you been advised to have or are you awaiting results of non-routine medical tests or procedures?

(ECF No. 17-1, at 3.) A reasonable person would have understood that the information the insurer was interested in would pertain to his physical or mental condition, not his financial circumstances. Thus, he would have realized that the question was directed to whether he had claimed he was physically or mentally incapable of work, not whether he was receiving income.

Plaintiff argues that La Plant's SSA file and the ALJ's decision awarding him benefits only refers to "disability insurance benefits." Thus, Plaintiff contends, La Plant had no reason to know and did not know that he submitted a claim for disability income because SSDI refers to payments

6

as disability insurance benefits. But the question was not limited to Social Security disability programs and in fact does not even reference Social Security. It asked about generic "disability income benefits." An applicant for insurance "must make a reasonable use of his faculties in endeavoring to understand and answer the questions asked of him and his answers must be made fairly and in good faith." *Southard v. Occidental Life Ins. Co. of Cal.*, 31 Wis. 2d 351, 357, 142 N.W.2d 844 (1966). A reasonable person in La Plant's position would not have answered Question No. 7 "No."

Plaintiff relies heavily on *Hejsak v. Great-West Life & Annuity Ins. Co.,* in which summary judgment was granted in favor of the plaintiff and defendant's cross motion was denied on the issue of whether the insured knew or should have known his answer to a policy application question was false. 331 F. Supp. 2d 756 (2004). In *Hejsak*, the insured had been injured in a car accident in which he sustained a spinal cord injury and damage to his liver less than two years before he completed the application for life insurance. The application was approved, and the policy was issued. One-and-a-half years later, the insured died from multiple gunshot wounds. The insurer denied the claim on the ground that the insured had misrepresented his medical condition by denying in his application that he had a "central nervous system disorder" or "liver disease." *Id.* The district court concluded as a matter of law that the defendant failed to show that Hejsak should have known his answer was false because he could have interpreted "disorder" to exclude spinal cord "injuries" and the term "disease" to exclude "damage." *See id.* at 762-66.

Unlike this case, however, the claimant in *Hejsak* pointed to dictionary definitions, physician affidavits, and even the insurer's chief underwriter, that supported the insured's answers. Quoting *Southard*, the court noted "[a]n insurer soliciting by mail applications for life insurance from laymen

7

cannot expect medical opinions as answers to inquiries ... Nor can an insurer inquire about a few illnesses and expect a complete medical history in response." 331 F. Supp. 2d at 764. In this case, by contrast, the disputed term "income" is a simple word that one doesn't need a medical degree to understand, and Plaintiff has failed to offer a reasonable alternative definition other than a hyper-technical argument that La Plant may have been confused by the existence of the SSI program.

As the Wisconsin Supreme Court observed in holding that disability benefits did not constitute "retirement, pension, and deferred benefit accounts" within the meaning of a Marital Settlement Agreement, "'[d]isability benefit' or 'disability income,' in ordinary parlance, commonly refers to a payment received when a person is unable to work, either in a chosen profession or totally, due to a physical or mental medical condition." *Topolski v. Topolski*, 2011 WI 59, ¶ 45, 335 Wis.2d 327, 802 N.W.2d 482. La Plant was receiving disability income benefits at the time he answered no in his application for life insurance. His representation was false and a reasonable person in his position should have known his answer was false. Household Life is therefore entitled to rescind its policy.

Accordingly and for the reasons set forth above, Household Life's motion for summary judgment (ECF No. 15) is granted and Plaintiff's motion for summary judgment (ECF No. 23) is denied. Household Life is granted rescission of the policy, and Plaintiff's claims for breach of contract and bad faith are dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this __28th__ day of June, 2013.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court